Sara Fechtelkotter, Bar Rule 43 (NA19308)
Alaska Legal Services Corporation
1016 West 6th Avenue, Suite 200
Anchorage, AK 99501
Phone: 907-222-4506
Email: sfechtelkotter@alsc-law.org
Attorneys for Minor Victim 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVON LYNN SMITH,<br><br>    Defendant.<br>_____ | Case No. 3:19-cr-00056-JMK-DMS |

## MOTION TO QUASH

COMES NOW Minor Victim One (hereinafter "MV1"), by and through counsel Alaska Legal Services Corporation, hereby moves to quash the subpoena of MV1's criminal juvenile records.

In the alternative, MV1 moves to modify the subpoena and, should the Court determine any information be released, MV1 requests an opportunity to provide objections prior to release. If information is ultimately released, MV1 also

Motion to Quash
*United States v. Smith*, 3:19-cr-0056-JMK-DMS
Page 1 of 7

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

requests that their confidential information be provided to defense counsel in summary form to protect MV1's privacy.[1]

## I. INTRODUCTION

Defendant requested orders releasing MV1's criminal and juvenile records. Additionally, Defendant sought permission to obtain other unidentified records. Defendant did not indicate any basis for knowing what records exist, let alone the contents, relevancy, or admissibility. MV1 moves to quash Defendant's subpoena on the following grounds: 1) the subpoena is an overbroad fishing expedition – lacking the required specificity, relevancy, and admissibility; and 2) the subpoena is unreasonable and oppressive, infringing on both MV1's federal and state constitutional right to privacy. Defendant's rights to a fair trial do not outweigh MV1's imperative need to protect their privacy.

## II. ARGUMENT AND AUTHORITIES

### a. Quashal of a Rule 17(c) subpoena is warranted when the request is made as a mere fishing expedition.

A defendant must establish the records sought through a Rule 17(c) subpoena are specific, relevant, and admissible.[2] Notably, "[s]pecificity is the hurdle on which many subpoena requests stumble."[3] Requesting entire files instead of

---

[1] A summary is preferred to avoid any inadvertent disclosures that may arise when documents are redacted.
[2] *United States v. Nixon*, 418 U.S. 683, 700 (1974).
[3] *See United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951)).

Motion to Quash
*United States v. Smith*, 3:19-cr-0056-JMK-DMS
Page 2 of 7

specific documents is indicative of a fishing expedition.[4] Here, Defendant requested unbounded access to MV1's entire criminal juvenile record (as well as other unidentified juvenile records). The request was not narrowed to a relevant time period nor to crimes which would potentially be admissible under Rule 609. Not only is the overbroad request indicative of a fishing expedition, but also demonstrates the unreasonableness or oppressiveness of the subpoena.

Without detailed information on the requested documents, the court is only left "to speculate as to the specific nature of their contents and its relevance." Defendant has not pointed to any "substantial foundation" for believing MV1's has a criminal juvenile record or would furnish defensive matter.[5] Instead, this Court is faced with the possibility that the requested records may not contain *any* relevant, impeachable information at all,[6] yet would guarantee an invasion of MV1's privacy.

The request for MV1's entire criminal juvenile record appears to be a "broad request" for documents in the "mere hope" that they will contain impeachment material, which amounts to little more than a "blind fishing expedition,"[7] especially in light of Defendant's request to issue other subpoenas to

---

[4] *See United States v. Reed,* 726 F.2d 570, 577 (9th Cir.), *cert. denied,* 469 U.S. 871, 83 L. Ed. 2d 151, 105 S. Ct. 221 (1984).
[5] *See United States v. Johnson*, 2014 U.S. Dist. LEXIS 159788, *19, 2014 WL 6068089 (N.D. Cal., Oct. 9, 2014) (citing *Reed*, 726 F.2d at 576-77).
[6] *See Johnson*, 2014 WL 6068089.
[7] *See id.* (citing *Cuthbertson*, 630 F.2d at 146; *Reed*, 726 F.2d at 576-77); *see also **United States v. Dossman***, 2006 U.S. Dist. LEXIS 77272, *8, 2006 WL 2927484 (E.D. Cal., Oct. 11, 2006 ("[E]vidence cannot be 'relevant' or 'specific' under Rule 17 if defendant does not know what the evidence consists of or what it will show") ) (citing *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992)).

Motion to Quash
*United States v. Smith*, 3:19-cr-0056-JMK-DMS
Page 3 of 7

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

obtain unspecified juvenile records. Requests must rest on reliable assertions, not on mere speculation that the evidence exists.[8] "Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden."[9] Defendant did not meet his burden.

In *United States v. Betancourt*, the Ninth Circuit held that the district court's decision to quash the subpoena under Fed. R. Crim. P. 17(c) was not clearly arbitrary and or without support in the record when finding that the request was made as a mere fishing expedition.[10] Likewise, the defendant in this case is on a fishing expedition.[11] The subpoena should be quashed.[12]

---

[8] *See, e.g., Arditti*, 955 F.2d at 346 (5th Cir. 1992) (upholding lower court's quashing of pretrial subpoena and explaining that: "[Defendant] has demonstrated why he wants to look into the material, but he has not set forth what the subpoena's materials contain, forcing the court to speculate as to the specific nature of their contents and its relevance. Accordingly, it appears [defendant] was attempting to use the subpoena to gain knowledge that he could not obtain under [Federal Rule of Criminal Procedure] 16(a)(1), as much as to obtain evidence, i.e., that he was trying 'to use the subpoena duces tecum as a discovery device, which it is not.'") (quoting *United States v. Nixon*, 777 F.2d 958, 969 (5th Cir. 1985)); *Cuthbertson*, 630 F.2d at 146 (quashing subpoena when request for exculpatory information was based on the "mere hope" that such information existed)).

[9] *United States v. Reiger*, 2015 U.S. Dist. LEXIS 151756, *5 (D. Nev., May 14, 2015) (citing *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949, 102 S. Ct. 1450, 71 L. Ed. 2d 663 (1982); *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)).

[10] *See United States v. Betancourt*, 277 Fed. Appx. 708, 711 (9th Cir. 2008).

[11] *See Motion to Obtain Minor Victim 1's Criminal Records and Juvenile Records* at 3-4, 6 (Docket No. 70).

[12] *See Nixon*, 777 F.2d, 699-700 ("[I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'").

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

### b. Production of MV1's criminal juvenile record would be unreasonable or oppressive, especially in light of victims' constitutional right to privacy.

As noted previously, the request is unreasonable or oppressive given the sheer breadth of the request alone. Defendant sought *all* criminal juvenile records. For example, the request was not appropriately limited to records regarding potentially relevant or admissible crimes pursuant to Rule 609 (e.g., felony crimes or crimes of dishonesty). This extensive intrusion into a juvenile's complete confidential record is unreasonable or oppressive.

Moreover, MV1 has both a federal and state constitutional right to privacy.[13] Even an *in camera* review invades MV1's right to privacy by allowing the Court to review otherwise confidential records, especially when there is no showing of the evidentiary value or relevancy of the records and the inability to prepare for trial without such production.[14] Failure to meet this showing also demonstrates a failure to show a legitimate interest in protected juvenile records.

---

[13] *See, e.g., Griswold v. Connecticut*, 381 U.S. 479, 484 (1965) (noting that "[v]arious guarantees [in the Bill of Rights] create zones of privacy"); *Roe v. Wade*, 410 U.S. 113, 152 (1973) ("[T]he Court has recognized that a right of personal privacy, or a guarantee of certain areas or zones of privacy, does exist under the Constitution."); *see also,* Alaska Const. § 22.

[14] *See Nixon*, 777 F.2d, 699-700 ("[I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'").

Motion to Quash
*United States v. Smith*, 3:19-cr-0056-JMK-DMS
Page 5 of 7

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

Defendant does not have a constitutional right to pretrial discovery,[15] whereas MV1 has a constitutional right to privacy.[16]

## III. CONCLUSION

For the foregoing reasons, MV1 moves to quash the subpoena of their juvenile adjudication records.

Should the Court continue to authorize a Rule 17(c) subpoena, the subpoena should be modified to limit records produced for *in camera* review to only those records relating to crimes which would have the potential to be admissible or relevant (i.e., felony crimes or crimes of dishonesty). In the event the Court determines there are discoverable juvenile records, MV1 requests the opportunity to object to those specific records. If disclosure is necessary, MV1 requests to have the Court provide a summary to assuage concerns regarding inadvertent disclosure of personally identifying information or non-relevant information. Alternatively, MV1 requests that the records be thoroughly redacted to protect all personally identifying information and other non-relevant information.

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

---

[15] *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Pennsylvania v. Ritchie*, 480 U.S. 39, 52, 57-58 (1987).
[16] *Supra*, note 13.

Motion to Quash
*United States v. Smith*, 3:19-cr-0056-JMK-DMS
Page 6 of 7

RESPECTFULLY SUBMITTED this 17th day of November, 2020.

ALASKA LEGAL SERVICES CORPORATION

/s/ Sara Fechtelkotter
Sara Fechtelkotter
R. 43 Waiver, NA19308

CERTIFICATE OF SERVICE
I, Sara Fechtelkotter, hereby certify that on November 17, 2020, I electronically filed the foregoing using the CM/ECF System, which will send a Notice of Electronic Filing to the following attorneys of record:

Kyle Reardon, Office of the U.S. Attorney
Greg Heritage, Esq.

s/ Sara Fechtelkotter
Sara Fechtelkotter

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417