E. BRYAN WILSON
Acting United States Attorney

JENNIFER IVERS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jennifer.ivers@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>DAVON LYNN SMITH,<br><br>                Defendant. | No. 3:19-cr-00056-JMK-DMS |

**MOTION TO CORRECT TECHNICAL ERROR IN FIRST SUPERSEDING INDICTMENT**

The United States respectfully moves to amend the First Superseding Indictment at Docket 17. The Superseding Indictment contains a technical error that has no impact on the charges or potential penalties. This Court has the power to correct such errors pursuant to Supreme Court and Ninth Circuit caselaw.

*Relevant Factual Background*

Defendant Davon Smith was charged with one count of Possession with Intent to

Distribute a Controlled Substance, two counts of Sex Trafficking of Minors, and one count of Sex Trafficking by Force, Fraud, and Coercion in a superseding indictment from June, 2019. Counts 2 and 3 refer to the victim as "a 16-year-old female identified as 'Minor Victim 1.'"

Minor Victim 1 was actually 15 at the time of the charged conduct.[1] The United States made either a typographical or mathematical error by listing MV1's age as 16 in the indictment. Despite that error, the Defendant received discovery containing Minor Victim 1's unredacted date of birth on July 10, 2019. Gov. Exh. 1 (receipt for discovery including Smith_0000404, a document with MV1's DOB.). Smith's current attorney received a copy of the same documents on March 4, 2020. Gov. Exh. 2 (discovery receipt). The United States asks that this Court amend Counts 2 and 3 of the First Superseding Indictment to read "a 15-year-old female identified as 'Minor Victim 1.'"

*Legal Background*

This Court has the authority to amend minor or technical errors in indictments. In general, changes to an indictment require the grand jury's approval.[2] The District Court can, however, make a change that "is merely a matter of form" without resubmission to the grand jury.[3] Before correcting an error, the Court should consider whether the error "misled the defendant," and whether the indictment failed to "detail each element of the

---

[1] The United States thanks MV1's counsel for catching this error. *See* Doc. 243.
[2] *Russell v. United States*, 369 U.S. 749, 770 (1962).
[3] *Id.*

U.S. v. Smith
3:19-cr-00056-JMK-DMS

charged offense."[4] If not, the district court has the power to correct the error.[5]

In *United States v. Neill*, for example, the district court correctly decided to fix an error in the indictment after the jurors began deliberating.[6] The indictment alleged two counts of bank robbery from different banks, but the second count mistakenly said the money was in the care of the first bank.[7] The jury caught the error and brought it to the attention of the court, which corrected it.[8] The Ninth Circuit upheld that decision, pointing out that the defendant knew what he was charged with and "even stipulated to the fact that both banks were federally insured."[9] As a result, the correction caused no prejudice to the defendant and there was no error in amending the indictment.[10]

Other Circuits have reached the same conclusion. In the Second Circuit, "the district court or prosecutor may make ministerial changes to the indictment, such as to correct a misnomer or typographical errors."[11] In *United States v. McGrath*, for instance, correcting the name of the defendant's employer caused no prejudice to the defendant because the original indictment "fully informed him of the crime charged," and upon amendment "none of his rights was affected by the change, and the burden of his defense was not increased."[12] In the Seventh Circuit, an indictment can be amended by the district

---

[4] *United States v. Neill*, 166 F.3d 943, 947 (9th Cir. 1999).
[5] *Id.* at 947-48.
[6] *Id.* at 947.
[7] *Id.*
[8] *Id.* at 948.
[9] *Id.*
[10] *Id.*
[11] *United States v. Dhinsa*, 243 F.3d 635, 667 (2d Cir. 2001).
[12] *United States v. McGrath*, 558 F.2d 1102, 1105 (2d Cir. 1977).

U.S. v. Smith
3:19-cr-00056-JMK-DMS

3

court "as long as the alteration makes no material change and there is no prejudice to the defendant."[13] In *United States v. Lorefice*, for example, the district court redacted two paragraphs from the indictment based on the government's explanation that they contained "mistaken allegations."[14] Because the defendant could not allege any prejudice by the redactions, and they made "no material change to the indictment," the Seventh Circuit affirmed the amendment.[15]

*Analysis*

Here, amending the indictment to allege MV1's correct age causes no prejudice to Smith and does not impact the charges against him. First, as in *Neill*, Smith is aware of the substance of the charges and the facts the United States must prove at trial.[16] Smith's pleadings show that he "is aware of the nature of the charges against him [and] the alleged victims in this case." Doc. 188 at 8. The error in the indictment was not so serious that the indictment failed to provide Smith adequate notice of the charges against him.[17]

Second, correcting MV1's age has no impact on the charges or potential penalties. Counts 2 and 3 allege violations of 18 U.S.C. § 1591(a)(1) and (a)(2), and the age element requires only that the Government prove the victim was a minor.[18] The potential penalties go up for victims under 14, but that is not at issue here.[19] As in *McGrath*, the

---

[13] *United States v. Lorefice*, 192 F.3d 647, 653 (7th Cir. 1999).
[14] *Id.*
[15] *Id.* at 654.
[16] *See Neill*, 166 F.3d at 948.
[17] *See id.* at 947.
[18] The Government must prove "that the person has not attained the age of 18 years." 18 U.S.C. § 1591(a).
[19] *See* 18 U.S.C. § 1591(b)(2).

U.S. v. Smith
3:19-cr-00056-JMK-DMS

4

requested correction has no impact on Smith's defense.[20] Nor does it made a "material change to the indictment."[21]

Finally, Smith has suffered no prejudice. He has had discovery listing MV1's date of birth since June 2019. Gov. Exh. 1-2. Nonetheless, he has communicated through counsel that he opposes this motion because it is too close to trial. Caselaw undermines that argument. In *Neill*, the Ninth Circuit affirmed the District Court's correction of a technical error in the indictment after the jury began deliberating.[22] Here, fortunately the error was caught before trial began. This Court can and should correct this technical error and thereby ensure that the jury is properly instructed before its deliberations.

## CONCLUSION

This Court should amend the indictment to replace the words "16-year-old" with "15-year-old." Because that change has no impact on the substance of the charges and causes no prejudice to the defendant, this Court can correct that technical error without requiring resubmission to the grand jury.

If this Court determines that resubmission to the grand jury is necessary, the United States requests that the order be entered by July 13, 2021, two weeks after filing of this motion and one week before the grand jury convenes. That is necessary to allow the United States to prepare a second superseding indictment.

//

---

[20] *See McGrath*, 558 F.2d at 1105.
[21] *See Lorefice*, 192 F.3d at 654.
[22] *Neill*, 166 F.3d at 947.
U.S. v. Smith
3:19-cr-00056-JMK-DMS

RESPECTFULLY SUBMITTED June 29, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

s/ Jennifer Ivers
JENNIFER IVERS
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2021, a true and correct copy of the foregoing was served electronically on the following:

Greg Heritage

s/ Jennifer Ivers
Office of the U.S. Attorney

U.S. v. Smith
3:19-cr-00056-JMK-DMS

6