IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVON LYNN SMITH,<br><br>    Defendant. | Case No. 3:19-cr-00056-JMK<br><br>**ORDER PERMITTING ACCESS TO**<br>***EX PARTE* DOCUMENTS** |

Before the Court is Defendant's Motion for Release of *Ex Parte* Filings and Expedited Consideration of Same at Docket 435 (the "Motion").[1] Defendant requests that appellate counsel receive access to *ex parte* documents at Dockets 129, 130, 140, 167, 255, 286, 287, 301, 302, 303, 304, and 305. In the Motion, Defendant raised general concerns that *ex parte* documents in this case may have adversely affected his Sixth Amendment right to cross-examination or his sentence. The Government opposed the Motion at Docket 437, arguing that these filings are (1) properly *ex parte* under *United States v. Thompson*, 827 F.2d 1254 (9th Cir. 1987); (2) the motion at Docket 435 effectively is a motion to reconsider the Court's prior orders; and (3) Defendant will not be prejudiced if

---

[1] On November 11, 2022, the Ninth Circuit Court of Appeals granted a stay of Defendant's direct appeal pending the outcome of the present Motion. Docket 438. The request for expedited consideration of this motion therefore is moot.

access is denied because the Ninth Circuit may review the documents independently. Defendant's reply expanded upon the possible appellate implications of each *ex parte* filing.[2] In light of Defendant's substantive reply, the Court expressed an inclination to grant Defendant's Motion and invited the Government to submit a sur-reply at Docket 441. The Government's sur-reply reiterated the arguments made in its opposition and requested that any documents released to appellate counsel remain sealed to the public and subject to the Court's Protective Orders at Dockets 18 and 23.[3] Additionally, the Government filed a Notice of Authority, which advanced the argument that *United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018), sets the standard for the Court's analysis.[4] Defendant disagreed.[5]

An appellate court limits its review to the record before the district court.[6] Accordingly, "under [Federal Rule of Appellate Procedure] Rule 10(a), all of the original papers and exhibits filed in the district court are a part of the record on appeal[.]"[7] Any disagreements about what constitutes the district court record shall be settled by the district court.[8] In resolving disputes surrounding the records on appeal, district court judges should bear in mind that "[a]ppellate judges are entitled to see all the materials that the district judge considered."[9]

---

[2] Docket 439.
[3] Docket 442.
[4] Docket 444.
[5] Docket 446.
[6] *Martinez v. Newsom*, 46 F.4th 965, 975 (9th Cir. 2022); *Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir. 1988).
[7] *Chapman v. Rudd Paint & Varnish Co.,* 409 F.2d 635, 638 (9th Cir. 1969).
[8] Fed. R. App. P. 10(e)(1).
[9] *United States v. Burke*, 781 F.2d 1234, 1246 (7th Cir. 1985).

*United States v. Smith*  Case No. 3:19-cr-00056-JMK
Order to Permitting Access to *Ex Parte* Documents  Page 2
Case 3:19-cr-00056-JMK-MMS   Document 447   Filed 01/06/23   Page 2 of 8

The issue present before the Court is how to balance (1) sensitive information, previously ruled on as *ex parte*; (2) with the constitutional rights of a criminal defendant, now an appellant, who raises pointed concerns; and (3) the fundamental due process functions of appellate review.[10] This is a discretionary, fact-based task.[11] Due to the sensitive nature of the materials at issue, the Court has reviewed (1) the parties briefing; (2) Dockets 129, 130, 140, 167, 255, 286, 287, 301, 302, 303, 304, and 305; (3) applicable sections of the trial transcript relevant to the aforementioned dockets; and (4) the Protective Order at Docket 18, adopted at Docket 23.

The parties agree that *ex parte* proceedings are disfavored as they are antithetical to the adversarial process.[12] The Ninth Circuit has emphasized that a criminal defendant's right "to an adversarial proceeding [as] fundamental to our system of justice" and that the "truth will most likely be served if the decisionmaker—judge or jury—has the benefit of forceful argument by both sides."[13] This is true for trial as well as for the appeals process.[14]

*United States v. Thompson* addressed whether a district court abused its discretion by permitting a prosecutor to justify the use of his preemptory strikes on black

---

[10] *See In re K.K.,* 756 F.3d 1169 (9th Cir. 2014) ("[I]n ordering production of the requested documents, the district court appropriately balanced the victim's privacy interests against the defendant's right to "investigate the case and prepare a defense[.]").

[11] *United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987) (noting that a "district court judge has broad discretion to fashion and guide the procedures to be followed in cases before him.").

[12] Docket 435 at 3; Docket 437 at 1; Docket 439 at 3. *See also Thompson*, 827 F.2d at 1257 (stating "adversary proceedings are the norm in our system of criminal justice and ex parte proceedings the disfavored exception.") (internal citation omitted).

[13] *Thompson*, 827 F.2d 1254, 1258 (9th Cir. 1987).

[14] *Evitts v. Lucey,* 469 U.S. 387, 396 (1985).

*United States v. Smith* — Case No. 3:19-cr-00056-JMK
Order to Permitting Access to *Ex Parte* Documents — Page 3
Case 3:19-cr-00056-JMK-MMS   Document 447   Filed 01/06/23   Page 3 of 8

jurors, before the district court and on the record without defense counsel or the defendant present.[15] There, defense counsel was aware the *ex parte* proceeding occurred, but only learned of the content of the hearing after the transcript was prepared for appeal.[16] *Thompson* held that such a proceeding was error. While not factually analogous to this case, *Thompson* makes clear that "[a]bsent such compelling justification, ex parte proceedings are anathema in our system of justice and, in the context of a criminal trial [or appeal], may amount to a denial of due process."[17] However, the Government is correct in its assertion that *United States v. Thompson* outlines some of the "uneasy compromises" of *ex parte* proceedings that are at issue here: materials reviewed for *Brady* disclosure, sensitive identities, information with privacy implications, or where the Court acted with expediency.[18]

The Government further argues that this Court should look to *United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018), for a workable standard to apply here. In *Sleugh*, a dispute arose as to "whether one defendant in a criminal case can get access to the Rule 17(c) subpoena applications and supporting documents that were filed under seal by another defendant's attorney in the same criminal case, either because of the presumptive right of public access to court records or upon a showing of special need."[19] In similar posture to the instant case, *Sleugh* arises from appellate counsel wanting access to restricted

---

[15] *Thompson*, 827 F.2d at 1255–56.
[16] *Id.* at 1256.
[17] *Id.* at 1258–59.
[18] Docket 437 at 1–2; *Thompson*, 827 F.2d at 1258.
[19] *Sleugh*, 896 F.3d at 1010.

documents.[20] However, unlike this case, *Sleugh* argues under the First Amendment and common law to unseal these documents with only a generalized theory of inconsistent testimony.[21] Here, Defendant argues pursuant to the Sixth Amendment, with relative particularity (per the reply), and only requests disclosure in accordance with the Protective Order in place.[22] The Court does not find *Sleugh* controlling or presenting an applicable test. However, the Court finds *Sleugh* persuasive as to Defendant's burden to articulate a need for these documents.[23]

The Due Process Clause of the Sixth Amendment entitles Defendant to effective assistance of appellate counsel.[24] Because access to a complete and accurate record is essential to the appeals process,[25] Defendant's right to effective assistance of appellate counsel right would prove illusory if his appellate counsel is unable to review the record before the district court.[26] Further, it is not the role of the Government to determine whether these filings are relevant or appropriate to Defendant's appeal. Nor is it the role of this Court to re-review those filings and its previous orders to determine whether error exists.[27] The review and fashioning of any arguments for error is the province of appellate

---

[20] *Id.*
[21] *Id.* at 1010–13.
[22] *See* Dockets 435, 439.
[23] *Sleugh*, 896 F.3d at 1016.
[24] *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997); *Evitts*, 469 U.S. at 396 ("A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").
[25] *See Entsminger v. Iowa*, 386 U.S. 748, 752 (1967).
[26] *See Michigan v. Harvey*, 494 U.S. 344, 348 (1990).
[27] *Thompson*, 827 F.2d at 1260 (reasoning that to "take on the role of defense counsel—inventing possible arguments as to why the prosecutor's stated reasons might not be sufficient—while at the same time keeping an open mind so as to rule on the motion impartially" is untenable for a district court).

counsel and the review and determination of error is the sole province of the Ninth Circuit Court of Appeals.

The Court recognizes a victim's right to be treated with fairness and a respect for their dignity and privacy.[28] The Court therefore recognizes that some of the sensitive information at issue here must be protected for safety and privacy. The Protective Order binds counsel to strict rules of redaction and disclosure. Specifically, the Protective Order:

> prohibits defense counsel from providing copies of the discovery to the defendant that identify in a victim, cooperator, or CHS, or that otherwise contain PII of any individual. Specifically, the United States also requests that any audio or video recording in which a victim, cooperator, or CHS is identified in any way, speaks, or is otherwise depicted, or able to be identified, not be provided to the defendant. Defense counsel may review the documents with the defendant but the defendant may not be given copies of discovery that has not been redacted.[29]

Furthermore, the Protective Order provides that Defendant and Defendant's counsel could be prosecuted for criminal contempt if they violate the Protective Order.[30] Defendant raises specific and direct concerns about the need to review these documents—and Defendant's counsel has represented that she will comply with the Protective Order. The Government has not provided the Court with any reason to doubt that the Protective Order at Docket 18 and adopted at Docket 23 is insufficient to protect the sensitive information during the appeals process.

---

[28] 18 U.S.C. § 3771(a)(8).
[29] Docket 18 at 2.
[30] Docket 18 at 3.

*United States v. Smith* Case No. 3:19-cr-00056-JMK
Order to Permitting Access to *Ex Parte* Documents Page 6
Case 3:19-cr-00056-JMK-MMS   Document 447   Filed 01/06/23   Page 6 of 8

Accordingly, the Court finds Defendant makes a compelling and well-articulated reason for disclosure of Dockets 129, 130, 140, 167, 286, and 287, subject to the Protection Order. The Defendant makes only generalized reasons for Dockets 255, 301, 302, 303, 304, and 305. Thoughtful examination of the record, 18 U.S.C. § 3771(a)(8), and the case law presented precludes the Court from granting wholesale disclosure. Limited access to Docket 255 is granted, but only as to the 255, 255-12, 255-13, and 255-14, and subject to the Protection Order. Access to Dockets 301–305 is denied because they contain the sensitive identity and location of a potential cooperating witness, which is a proper use of an *ex parte* proceeding. In light of these disclosures and the interest of balancing the aforementioned interests, the Court will entertain modification of the Protective Order or the entrance of an additional Protective Order after the parties meet and confer.

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion for Release of *Ex Parte* Filings at Docket 435 is **GRANTED IN PART** as to Dockets 129, 130, 140, 167, 255, 255-12, 255-13, 255-14; **DENIED IN PART** as to Dockets 301–305.

2. Seven days from the issuance of this order, appellate counsel and the Government shall confer and submit a joint status report to the Court, if any provisions of the Protective Order should be modified or an additional order is needed.

3. Fourteen days from the issuance of this order, the Clerk of Court shall give Ms. Sun access to Dockets 129, 130, 140, 167, 286, an 287 via the CM/ECF system.

Due to the logistics and limitations of the CM/ECF system, the Clerk of Court shall conventionally mail Dockets 255, 255-12, 255-13, 255-14 to Defendant's counsel.

4. In the event of additional motions practice on this issue, access of the Dockets will be delayed until the resolution of those motions.

5. Dockets 129, 130, 140, 167, 255, 286, 287, 301, 302, 303, 304, and 305 shall remain sealed from the public.

IT IS SO ORDERED this 5th day of January, 2023, at Anchorage, Alaska.

/s/ *Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. Smith*  Case No. 3:19-cr-00056-JMK
Order to Permitting Access to *Ex Parte* Documents  Page 8
Case 3:19-cr-00056-JMK-MMS   Document 447   Filed 01/06/23   Page 8 of 8