WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVON LYNN SMITH,<br><br>　　　　Defendant. | No. 3:19-cr-00056-GMS<br><br>**DENIAL OF CERTIFICATE OF APPEALABILITY** |

　　　　Pending before the Court are Petitioner Davon Smith's Brief in Support of Certificates of Appealability (Doc. 496) and the Government's Response to Court Order re Briefing Concerning a Certificate of Appealability (Doc. 497). Pursuant to the Ninth Circuit's order (Doc. 495), this Court has considered the parties' arguments regarding whether a Certificate of Appealability ("COA") may issue.

　　　　A petitioner cannot appeal unless an appropriate judicial officer has issued a COA. Fed. R. App. P. 22(b). When a court enters a final order adverse to the petitioner (Doc. 485), the court must either issue or deny a certificate of appealability. R. Governing § 2255 Proceedings 11(a). If a certificate is issued, "the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(2). If the court does not issue a COA, it must "state its reasons why a certificate should not be granted." *Asrar*, 116 F.3d at 1270; 28 U.S.C. § 2253(c)(2).

　　　　A certificate may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be made

by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)).

This Court finds that no reasonable jurists could debate its resolution of Petitioner's claims. "[T]he COA requirement constitutes a gatekeeping mechanism that prevents us from devoting judicial resources on frivolous issues." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). As the Court's order denying Petitioner's claims explained, the inquiry for judicial disqualification under 28 U.S.C. § 455(a) requires particularity. (Doc. 485 at 4 (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)). Petitioner's arguments failed to meet this threshold requirement. (*See id.* at 4-7). Rather, he relies on (1) general misconduct that was not contemporaneous with his trial, (2) misconduct of AUSAs not involved in his case in any way, and (3) a "rivalry" relationship between Judge Kindred and an AUSA about which Petitioner failed to make any argument regarding the risk of partiality against Petitioner. (*Id.*). Petitioner does not address these deficiencies[1]—which render his arguments frivolous[2]—as "debateable" in his COA brief. (Doc. 496 at 11-12). No reasonable jurist would encourage frivolous claims to proceed further.

And as such, no reasonable jurist would debate this Court's finding that there is no good cause for discovery, R. Governing § 2255 Proceedings 6(a), nor the Court's resultant denial of Petitioner's Motion to Compel Discovery (Doc. 469) and Motion to Permit Time

---

[1] Petitioner disagrees with the Court's characterization of his arguments raised on the 2255 Form as "duplicative." (Doc. 496 at 11). Petitioner's disagreement does not indicate, however, that any reasonable jurist would debate such characterization. Indeed, no reasonable jurist would debate that Petitioner's arguments fail to reach the "outer boundaries of judicial disqualifications" with judicial misconduct so extreme as to violate the due process clause. (Doc. 485 at 3 n.2 (quoting *Williams v. Pennsylvania*, 579 U.S. 1, 13 (2016)). Though Petitioner's Form provided some detail about Judge Kindred's improprieties, his factual allegations are encompassed by and suffer the same deficiencies as the allegations raised under his initial Motion to Vacate.

[2] Though the standard for what "showing a petitioner must make to be heard on appeal is less than that to obtain relief," *Lambright*, 220 F.3d at 1025 n.4, a COA should not issue if a petitioner's claims are "utterly without merit." *Id.* at 1025 (quoting *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000)).

- 2 -
Case 3:19-cr-00056-SLG-MMS    Document 499    Filed 03/09/26    Page 2 of 3

for Investigation (Doc. 484).

For these reasons, the Court declines to issue a Certificate of Appealability.

**IT IS THEREFORE ORDERED** that no Certificate of Appealability shall issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); R. Governing § 2254 Proceedings 11(a).

**IT IS FURTHER ORDERED** that this case is transferred back to the Honorable Sharon Gleason to facilitate timely resentencing as ordered by the Court of Appeals (Docs. 451, 453).

Dated this 9th day of March, 2026.

_____
G. Murray Snow
Senior United States District Judge